**6 PAGES**
Gregory C. Nuti (CA SBN 151754)
Christopher H. Hart (CA SBN 184117
Kevin W. Coleman (CA SBN 168538)
NUTI HART LLP
411 30^(TH) Street, Suite 408
Oakland, CA 94609-3311
Telephone: 510-506-7152
Email: gnuti@nutihart.com
        chart@nutihart.com
        kcoleman@nutihart.com

Attorneys for Hank M. Spacone,
Post-Confirmation Trustee for Sunergy California, LLC

**UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT**

**SACRAMENTO DIVISION**

| | |
|---|---|
| In re: | Case No.: 21-20172-c-11 |
| SUNERGY CALIFORNIA, LLC, | Chapter 11 |
| Debtor. | Adv. Proc. No. |
| HANK M. SPACONE, POST-CONFIRMATION TRUSTEE, | |
| Plaintiff | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER** |
| v. | |
| KUEHNE + NAGEL, INC. | |
| Defendant | |

Plaintiff Hank M. Spacone, Chapter 11 Post-Confirmation Trustee for the estate of Sunergy California, LLC ("Plaintiff" or "Trustee") alleges against Kuehne + Nagel, Inc., ("Defendant") as follows ("Complaint"):

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is the duly appointed and acting Chapter 11 Post-Confirmation Trustee for the estate of Sunergy California, LLC ("Debtor").

2. On January 20, 2021("Petition Date"), the Debtor filed its voluntary petition for

1

1　relief under Chapter 11of the United States Bankruptcy Code.

2　　　　3.　　　On July 29, 2022, an order confirming the First Amended Joint Chapter 11 Plan
3　was entered (the "Plan").  Therein, Plaintiff was authorized to *among others* pursue any and all
4　causes of action held by the Debtor, including potentially preferential transfers for benefit of the
5　bankruptcy estate.

6　　　　4.　　　Pursuant to 11 U.S.C. §§ 547 549, 550, 1106 and 1107, Plaintiff is authorized and
7　has standing to pursue this avoidance action.

8　　　　5.　　　Upon information and belief, Defendant was, at all relevant times, a vendor or
9　creditor that provided goods and/or services to or for the Debtor.  Upon further information and
10　belief, at all relevant times, Defendant's principal place of business is located at 20000 S.
11　Western Avenue, Los Angeles, California 90501.

12　　　　6.　　　The claims for relief referenced in this Complaint are property of the Debtor's
13　bankruptcy estate.

14　　　　7.　　　The Trustee consents to entry of a final order or judgment by the Court if it is
15　determined that the Court, absent consent of the parties, cannot enter final orders for judgment
16　consistent with Article III of the U.S. Constitution.

17　　　　8.　　　The Court has jurisdiction over this adversary proceeding pursuant to sections 157
18　and 1334 of title 28, United States Code and Federal Rule of Bankruptcy Procedure 3007(b).
19　Venue is proper pursuant to sections 1408 and 1409 of title 28, United States Code.

20　　　　9.　　　The statutory and legal predicates for the relief sought herein are sections 502,
21　547, 549, and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")
22　and Federal Rules of Bankruptcy Procedure 3007(b) and 7001 (the "Bankruptcy Rules").

23　　　　　　　　　　　　　　　　**FACTUAL ALLEGATIONS**

24　　　　10.　　Prior to the Petition Date, the Debtor maintained business relationships with
25　various business entities, through which the Debtor regularly purchased, sold, received, and/or
26　delivered goods and services.

27

28

11. The Debtor regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. The Debtor also regularly paid for services used to facilitate its business.

12. During the ninety (90) days before and including the Petition Date, that is between October 22, 2020 and January 20, 2021 (the "Preference Period"), the Debtor continued to operate its business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

13. Upon information and belief, during the course of their relationship, the Defendant and Debtor entered into agreements for the purchase of goods and/or services by Debtor from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements").

14. Debtor made payments to Defendant in connection with the Agreements during the Preference Period as set forth on the Statement of Account attached hereto and incorporated by this reference as **Exhibit A** (the "Transfers").

15. During the course of this proceeding, Plaintiff may learn through discovery or otherwise of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all preferential transfers of property made by Debtor to or for the benefit of Defendant or any other transferee. Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer(s); (ii) additional transfers; (iii) modifications of and/or revision to Defendant's name; (iv) additional defendants; (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the original Complaint.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfer – 11 U.S.C. § 547)

16. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Within Preference Period, Debtor made the Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

18. Each Transfer was made from the Debtor's accounts described herein, and constituted transfers of an interest in property of the Debtor.

19. Defendant was a creditor of Debtor at the time of the Transfers.

20. The Transfers were to or for the benefit of a creditor with the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied an antecedent debt or debts then owed by Debtor to Defendant.

21. Each Transfer was made for, or on account of, an antecedent debt or debts owed by Debtor to Defendant before such Transfers were made.

22. The Transfers were made while the Debtor was insolvent. Plaintiff is entitled to the presumption of insolvency for any Transfers made during the Preference Period pursuant to § 547(f) of the Bankruptcy Code.

23. Unless the Transfers are avoided, Defendant will receive more than Defendant would have received if: (i) the Debtor's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.

24. In accordance with the foregoing, the Transfer is avoidable pursuant to Section 547(b) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF

**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

25. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. Plaintiff is entitled to avoid the Transfer pursuant to § 547 of the Bankruptcy Code.

27. Defendant was the initial transferee of the Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer was made.

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

NUTI HART LLP
411 30TH STREET, SUITE 408
OAKLAND, CA 94609-3311
TELEPHONE: 510-506-7152

28. Pursuant to § 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the Transfer from Defendant and the costs of this action.

### THIRD CLAIM FOR RELIEF

### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

29. Plaintiff hereby incorporates each and every allegation contained in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Defendant is a transferee of transfers avoidable under §§ 547 and/or 549, which property is recoverable under § 550.

31. Pursuant to § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's estate much be disallowed until such time as Defendant pays to the Plaintiff an amount equal to the Transfers, plus interest thereon and costs.

32. Pursuant to § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's estate previously allowed by Debtor, must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the Transfers.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. On the First and Second Claims for Relief for entry of judgment against Defendant avoiding the Transfer(s) and preserving such value for the estate;

2. On the Third Claim, preserving Plaintiffs claims, defenses and objections to the claim, if any, asserted by Defendant and that the claim, if any, be allowed or disallowed only as a general unsecured claim against the Debtor;

3. For costs of suit; and

4. For such other and further relief as is just and proper.

DATED: January 16, 2023         NUTI HART LLP

                                By:  /s/ Christopher H. Hart
                                     CHRISTOPHER H. HART
                                     Attorneys for Plaintiff Hank Spacone, Trustee

**EXHIBIT A**

*In re Sunergy California, LLC*
United States Bankruptcy Court Eastern District of California
Case No.: 21-20172-C-11

PLAINTIFF:　　　　　Hank M. Spacone, Trustee

DEFENDANT:　　　　Kuehne + Nagel Inc.
　　　　　　　　　　20000 S. Western Avenue
　　　　　　　　　　Los Angeles, CA  90501

PREFERENCE PERIOD:　　October 22, 2020 – January 20, 2021

Transfers During Preference Period

| Payment Date | Amount |
|---|---|
| 12/01/20 | 33,992.06 |

Totals:  (1) Transfer(s), $33,992.06